# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GRIFFIN K. BILLINGSLEY,**

    **Plaintiff,**

**vs.**                                                **Case No. 4:17cv106-MW/CAS**

**DANIEL ROUFA,**
**GRADY JORDAN,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

After Defendant Roufa removed this case from state court, ECF No. 1, and filed a motion to dismiss the complaint, ECF No. 6, Plaintiff, a pro se prisoner, was granted leave to file an amended complaint. ECF Nos. 15, 16. Plaintiff's amended complaint, ECF No. 17, was reviewed and an Order was entered requiring clarification from Plaintiff concerning the harm allegedly suffered by Plaintiff as a result of Defendants' alleged actions. ECF No. 18. In response, Plaintiff has acknowledged that he was convicted of introducing contraband into a detention facility. ECF No. 19 at 1. That crime is directly related to the allegations of the amended complaint that allegedly false statements were made by Defendant Roufa

in the probable cause affidavit, that Defendants fabricated evidence which was admitted, and allegedly perjured testimony was provided at trial by the Defendants. Notwithstanding Plaintiff contends in his response that his complaint is not a collateral attack on his conviction. ECF No. 19 at 2. He appears to assert that his 60-month sentence and conviction is not final because he has filed an appeal.[1]  *Id.* at 1.

Specifically, Plaintiff alleged in the amended complaint that Defendant Roufa signed a probable cause affidavit concerning the introduction of contraband into the Jail on January 5, 2015. ECF No. 17 at 7. Plaintiff contends Defendant Roufa made false statements in his affidavit when seeking to show probable cause. *Id.* at 6. Plaintiff alleged that the Information was obtained based on "the false and perjured testimony of" Defendant Roufa. *Id.* Plaintiff alleges that Defendant Roufa also failed to report and provide exculpatory evidence in an effort to obtain Plaintiff's conviction. *Id.* at 7-9. Plaintiff further alleges that the false document was approved by Defendant Grady on January 12, 2015, and then submitted to the State Attorney's Office to initiate the prosecution

---

[1] Judicial notice is taken that Plaintiff has an appeal currently pending in the Florida First District Court of Appeal, case number 1D17-215.

Case No. 4:17cv106-MW/CAS

against Plaintiff. *Id.* at 11. Plaintiff claims that false evidence was introduced in his criminal trial and that Defendant Roufa committed perjury. *Id.* at 12. In addition to asserting numerous state law claims, Plaintiff asserts due process and false arrest claims in violation of his constitutional rights. *Id.* at 14-20. As relief, he seeks monetary damages and the "removal of both Defendants" from the Sheriff's Office. *Id.* at 22.

The law is clear that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "In <u>Heck v. Humphrey</u>, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d 383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the

conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)). Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S.Ct. 978, 990, 140 L.Ed.2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).

Here, Plaintiff admits he was convicted and that his conviction has not been overturned because it is currently on appeal. Thus, it has "not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Pataki, 320 F.3d at 1294 (quoting Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372). Accordingly, Plaintiff cannot meet the "favorable termination requirement" for bringing this § 1983 action and the federal claims should be dismissed because they are barred by Heck.

Moreover, it has been well established for over thirty years that a convicted person cannot bring a claim for damages against a law

enforcement officer for giving allegedly perjured testimony at his criminal trial.  Briscoe v. LaHue, 460 U.S. 325, 335, 103 S. Ct. 1108, 1115, 75 L. Ed. 2d 96 (1983) (holding that absolute immunity protects witnesses who given testimony as part of the judicial process and citing Butz v. Economou, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978)).  Law enforcement officers on the witness stand may be criminally prosecuted for perjury, but they may not be subjected "to damages liability under § 1983 for their testimony" as such claim could "undermine not only their contribution to the judicial process but also the effective performance of their other public duties."  Briscoe, 460 U.S. at 342-43, 103 S. Ct. at 1119.

Finally, because this case cannot proceed on Plaintiff's claimed violation of his federal constitutional rights, the only jurisdictional basis for this case proceeding in federal court, the Court should decline to exercise its supplemental jurisdiction over the remaining state law claims.  Such a decision is entirely within the Court's discretion as specified in 28 U.S.C. § 1367(c)(3).[2]  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir.

---

[2] That statute permits district courts to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if– (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims

2004) (encouraging "district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Here, the two federal claims should be dismissed which would leave only state law claims. The state law claims are numerous and substantially dominate this case. Those state claims should "be dismissed without prejudice and left for resolution to state tribunals." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966).

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 17, be **DISMISSED** because the federal claims are barred by Heck v. Humphrey and thus, the complaint fails to state a claim, and the state law claims should be **DISMISSED** without prejudice for resolution in state court. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the

---

over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.A. § 1367; see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 728, 86 S.Ct. 1130, 1140, 16 L.Ed.2d 218 (1966) (stating that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Case No. 4:17cv106-MW/CAS

docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2017.

   S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**